UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

NINA RENEE DUNN,

          Petitioner

   v.

DWIGHT NEVEN, *et al.*,

          Respondents

Case No. 2:18-cv-01396-JAD-NJK

**Order Dismissing Petition**

       Petitioner Nina Renee Dunn is serving a state prison sentence for driving under the influence with a prior felony DUI conviction. Dunn has paid the filing fee for this petition, which she brings under 28 U.S.C. § 2254 and in which she argues that the State violated her federal constitutional right to equal protection under the law by not properly applying statutory good-time credits to her sentence.[1] Having examined Dunn's petition as mandated by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, it plainly appears that she does not state a potentially meritorious habeas corpus claim because she has not exhausted this claim in state court. So I dismiss this petition without prejudice for lack of exhaustion.

**Discussion**

       A federal court may not grant habeas corpus relief on a claim unless it has been first exhausted in state court.[2] The exhaustion doctrine is based on the policy of federal-state comity and is intended to allow state courts the initial opportunity to correct constitutional deprivations.[3]

---

[1] ECF No. 1.

[2] 28 U.S.C. § 2254(b).

[3] *See Picard v. Conner*, 404 U.S. 270, 275 (1971).

1

To exhaust a claim, a petitioner must fairly present the claim to the highest available state court and must give that court the opportunity to address and resolve it.[4]

Dunn's failure to exhaust this claim is apparent on the first page of her petition where she states that she did not appeal from her conviction and did not file a petition for writ of habeas corpus in state court.[5] She goes on to state, without explanation, that all the grounds for relief stated in her petition have been presented to the state supreme court.[6] But this cannot be true without either a direct appeal or a state habeas action. She also represents on page 4 of her petition that she did not pursue a direct appeal, stating: "I was unaware such recourse of legal action was available."[7] And in response to the question whether she has raised her claim "in a petition for post-conviction relief or state petition for habeas corpus," Dunn states that she has, identifies the court in which she did so as the "First Judicial District Court," and states that she did so on June 27, 2018.[8] But this is clearly a misunderstanding because the case number that she provides for that action corresponds to a prior *federal* habeas action that she initiated in this court. That federal action was summarily dismissed because Dunn did not pay the filing fee, file a complete application to proceed *in forma pauperis*, or submit her petition on the proper form, and because it appeared—just as it does here—that she had not exhausted her claim in state court.[9] Finally, although there is an instruction on the form Dunn used that directs the petitioner to attach "all state court written decisions regarding this conviction," the only document she

---

[4] *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992).

[5] *See* ECF No. 1 at 1.

[6] *See id.*

[7] *See id.* at 4.

[8] *See id.* She answers "no" to the question whether she appealed to the Nevada Supreme Court in that case. *Id*.

[9] *See* ECF No. 3 in Case Number 2:18-cv-01128-RFB-CWH, which I take judicial notice of.

2

attached is a copy of her judgment of conviction.[10]  This, too, suggests that she did not exhaust her claim in state court before filing this petition.

It is plain to me that Dunn has not presented the claim she asserts in this case in either the Nevada Court of Appeals or the Nevada Supreme Court, and it is therefore unexhausted. Because Dunn's petition clearly includes no claim on which federal habeas corpus relief could be granted, this action will be dismissed without prejudice.

### Conclusion

**IT IS THEREFORE ORDERED** that this action is dismissed without prejudice.

**IT IS FURTHER ORDERED** that the petitioner is denied a certificate of appealability because jurists of reason would not find debatable whether the court correctly dismissed this action as unexhausted.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to add Adam Paul Laxalt, Attorney General of the State of Nevada, to the docket for this case, as counsel for the respondents and to serve the respondents with a copy of the habeas petition (ECF No. 1) and a copy of this order.  Respondents need take no action with respect to this case.

Dated: September 16, 2018

_____
U.S. District Judge Jennifer A. Dorsey

---

[10] *See* ECF No. 1 at 1.